SUMMARY ORDER

Petitioner Wenqing Liu, a native and citizen of the People’s Republic of China, seeks review of an August 8, 2008 order of the BIA denying his motion to remand and affirming the August 23, 2006 decision of Immigration Judge (“IJ”) George T. Chew, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Wenqing Liu, No. A098 564 769 (B.I.A. Aug. 23, 2008), aff'g No. A098 564 769 (Immig. Ct. N.Y. City Aug. 23, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
*54 When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii); see Matter of J-Y-C-, 24 I. & N. Dec. 260, 265 (BIA 2007).
The agency’s adverse credibility determination was supported by substantial evidence. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008). The IJ properly found implausible that Liu would distribute fliers on behalf of Falun Gong in China without ever having practiced it. See Ying Li v. Bureau of Citizenship and Immigration Services, 529 F.3d 79, 82 (2d Cir.2008) (holding that substantial evidence supported the agency’s adverse credibility finding where the IJ found implausible that the applicant promoted Fa-lun Gong for over six years in China without ever practicing it herself). While Liu asserts that he distributed fliers his parents were practitioners and he was a “devoted son,” even if plausible, no reasonable factfinder would be compelled to accept that explanation. See, e.g., Xiu Xia Lin, 534 F.3d at 167. Thus, substantial evidence supports the agency’s adverse credibility determination. See Manzur, 494 F.3d at 289.
Because the only evidence of a threat to Liu’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal where both claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
Finally, because Liu fails to challenge in his brief to this Court the agency’s denial of his CAT claim or its denial of his motion to remand, we deem any such arguments waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).